IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Singleton, | ) | C/A No.: 1:12-2985-RBH-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Administrative Food Service Brown; Administrative Food Service Argline; Food Service Office Mr. Nelson; Food Service Mr. Tayor; Food Service Mr. Craze; Food Service Ms Johnson; Food Service Ms. Venton, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Nathaniel Singleton, proceeding pro se and in forma pauperis, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] At the time of the incidents giving rise to the complaint, Plaintiff was incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill") in the custody of the Bureau of Prisons ("BOP"). Plaintiff sues food service employees at FCI-Estill ("Defendants") for allegedly forcing Plaintiff to work extra hours, in violation of his medical restrictions, and in retaliation for filing prior complaints. [Entry #1].

This matter comes before the court on Defendants' motion to dismiss, or in the alternative, for summary judgment. [Entry #21]. Pursuant to *Roseboro v. Garrison*, 528

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980).

F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #22]. The motion having been fully briefed [Entry #25], it is ripe for disposition. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant in part and deny in part Defendants' motion to dismiss.

I.  Factual and Procedural Background

In his complaint, Plaintiff alleges Defendants forced him: (1) to work extra hours; (2) to work in violation of his medical restrictions; and (3) to work in retaliation for having previously filed a complaint. [Entry #1 at 1]. He also alleges he was denied medical care. *Id*. Specifically, Plaintiff alleges he was force to work more than seven hours a day in violation of BOP policy. Plaintiff further alleges that he was forced to work in violation of his medical restrictions, which he contends include no prolonged standing, limited sitting, and no climbing, bending or use of his left shoulder. *Id*. at 2–3. Plaintiff also claims that his medical condition restricts him from working eight hours a day. He claims that, in his job at the dining hall, he was forced to clean tables, which required bending, standing, picking up cups, sweeping, mopping, and sitting for long periods of time. *Id*. at 3. He believes this has exacerbated his medical problems. *Id*. Plaintiff alleges Defendants forced him to work excessively in retaliation for a prior

lawsuit he filed. *Id*. at 1.

In lieu of an answer, Defendants filed the instant motion to dismiss, or in the alternative, for summary judgment. Defendants argue that: (1) Plaintiff is not entitled to monetary relief from Defendants to the extent they are sued in their official capacities; (2) Plaintiff has failed to set forth a claim for which relief can be granted for retaliation;[2] (3) Defendants are entitled to qualified immunity; and (4) that the Inmate Accident Compensation Act, 18 U.S.C. §4126, ("IACA") is the exclusive remedy for work-related injuries. [Entry #21].

II. Discussion

A. Standard on Motion to Dismiss[3]

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged

---

[2] Although Defendants' brief broadly states that the *complaint* should be dismissed for failure to state a claim upon which relief can be granted, the brief only discusses the claim for retaliation. [Entry #21 at 5].

[3] Because no discovery has been conducted and Defendants did not submit evidentiary support, the undersigned construes Defendants' motion as a motion to dismiss, and has not considered material outside of the pleadings.

3

in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. No monetary relief for official capacity claims

To the extent Plaintiff sues Defendants in their official capacities for monetary relief, Defendants assert that the court lacks subject matter jurisdiction. Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal*

*Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). A suit against Defendants in their official capacities would be tantamount to a suit against the government itself, *Dugan v. Rank*, 372 U.S. 609, 620 (1963), and "the United States has not waived sovereign immunity in suits claiming constitutional torts." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Therefore, the undersigned agrees with Defendants that the court lacks subject matter jurisdiction to any claims Plaintiff may be asserting against Defendants in their official capacity for monetary damages. However, the court retains jurisdiction over Plaintiff's claims to the extent he sues Defendants in their personal capacity or sues for injunctive relief in their official capacity.

      2.      Retaliation claim

Defendants assert that Plaintiff's retaliation claim fails to state a claim for which relief can be granted. Defendants argue that Plaintiff failed to allege how any defendant specifically violated his constitutional rights. [Entry #21 at 5]. Plaintiff alleges on the first page of his complaint that he was forced to work in violation of his medical restrictions and denied medical care for pre-existing injuries in retaliation for filing a civil action (C/A No. 1:10-1909-RBH) against the "above defendants." [Entry #1 at 1]. Given the liberal construction afforded to pro se complaints, *Gordon,* 574 F.2d at 1151, Plaintiff's allegations are sufficient to survive summary judgment. Defendants also argue that Plaintiff failed to allege Defendants retaliated against him based on his exercise of a constitutional right. However, the complaint is clear that Plaintiff is alleging that

5

Defendants retaliated against him for exercising his right to file a lawsuit, which is a constitutional right under the First Amendment. Therefore, the undersigned recommends Defendants' motion to dismiss be denied to the extent it seeks dismissal of Plaintiff's retaliation claim based on an alleged failure to state a cognizable claim.

3.  Qualified Immunity

Defendants assert that they are entitled to qualified immunity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by this immunity. The *Harlow* court held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry

ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Id*. at 298.

Here, Plaintiff has alleged violations of his constitutional rights. As the facts are developed, Plaintiff may be unable to prove that Defendants violated his clearly-established constitutional rights. However, at this early stage in the litigation, the undersigned cannot conclude that Defendants are entitled to qualified immunity. Therefore, the undersigned recommends Defendants' motion to dismiss be denied without prejudice with regard to Defendants' assertion of qualified immunity.

4. Preclusion under the IACA

Defendants argue that the IACA is the exclusive remedy for work-related injuries in the performance of prison jobs. The undersigned agrees with Defendants that the law is clear that IACA is the exclusive remedy for injuries resulting from prison work. *See* 28 C.F.R. § 301.319; *United States v. Demko*, 385 U.S. 149, 152-53 (1966); *see also* 28 C.F.R. § 301.102(a) (defining "work-related injury"); *Wooten v. United States*, 825 F.2d

1039, 1044 (6th Cir. 1987) (holding that the Inmate Accident Compensation Act also "provides the exclusive remedy where a prisoner with a pre-existing medical problem is subsequently injured in a work-related incident"); *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam) ("[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job."). Therefore, the undersigned recommends Defendants' motion to dismiss be granted as to any claim of Plaintiff for injuries sustained while performing his prison job. The undersigned notes that Plaintiff's claims against Defendant for their allegedly forcing him to work excessive hours, in violation of his medical restrictions, and in retaliation for filing lawsuits are not necessarily[4] extinguished by the courts' ruling.

III. Conclusion

For the foregoing reasons, it is recommended that the district judge grant Defendants' motion to dismiss to the extent it seeks to dismiss any claims by Plaintiff seeking monetary damages against Defendants in their official capacity or seeking damages for injuries he sustained while working in a prison job. The undersigned recommends the remainder of Defendants' motion be denied.

Additionally, the undersigned recommends the district judge deny as moot Plaintiff's motion to transfer from FCI-Estill. [Entry #25]. On October 17, 2013, the Clerk of Court received a letter from Plaintiff indicating he has been transferred to the

---

[4] If, after an opportunity to conduct discovery, Defendants can show that Plaintiff's claims are based solely on his alleged on-the-job injuries, Defendants may be able to obtain summary judgment on this basis. However, at this early stage in the litigation, the undersigned cannot dismiss all Plaintiff's claims on this basis.

8

Federal Correctional Institution in Jesup, Georgia. [Entry #28].

     IT IS SO RECOMMENDED.

October 28, 2013                                                Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).