IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Nathaniel Singleton, | ) | Civil Action No.: 1:12-cv-02985-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Administrative Food Service Brown; | ) | |
| Administrative Food Service Argline; Food Service Office Mr. Nelson; Food Service Mr. Taylor; Food Service Mr. Craze; Food Service Ms. Johnson; Food Service Ms. Venton, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Nathaniel Singleton, a federal prisoner proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The above-captioned Defendants filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 21. Plaintiff also filed a motion for a transfer to another federal correctional institution. ECF No. 25. The motions are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] The Magistrate Judge recommends (1) granting Defendants' motion to dismiss "to the extent it seeks to dismiss any claims by Plaintiff seeking monetary damages against Defendants in their official capacity or seeking damages for injuries he sustained while working in a prison job," and (2) denying the remainder of Defendants' motion. Furthermore, the Magistrate Judge recommends denying Plaintiff's motion as moot.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who was incarcerated at the Estill Federal Correctional Institution, initiated this *Bivens* action in October 2012 against the above-captioned Defendants, officials with the Federal Bureau of Prisons. Plaintiff alleges several claims arising from his prison job.[2] On April 12, 2013, Defendants filed a motion to dismiss or, alternatively, for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately to the motion. Plaintiff subsequently filed a response in opposition to Defendants' motion. *See* ECF No. 24. Furthermore, in July 2013, Plaintiff moved for a transfer to another federal correctional facility, alleging that he was in danger. Subsequently, Plaintiff advised the Court by letter that he was transferred to another facility. *See* ECF No. 26.

The Magistrate Judge issued her R&R on October 28, 2013. R&R, ECF No. 29. She recommends granting Defendants' motion in part and denying it in part. She also recommends denying Plaintiff's motion as moot because of his subsequent transfer. Within the period for objections to the R&R, Plaintiff filed a "Notice for Right on Objection Report and Recommendation." ECF No. 31. Defendants did not file objections to the R&R.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

---

[2] Because the facts are adequately detailed by the Magistrate Judge in her R&R, the Court, having incorporated the R&R, need not repeat them here.

2

recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion only to the "extent it seeks to dismiss any claims by Plaintiff seeking monetary damages against Defendants in their official capacity or seeking damages for injuries he sustained while working in a prison job."  She concludes that Defendants cannot be sued for damages in their official capacity and that Plaintiff's exclusive remedy for work-related injuries is the Inmate Accident Compensation Act, 18 U.S.C. § 4126.  She recommends denying Defendants' motion to dismiss all other claims.  Finally, the Magistrate Judge recommends denying Plaintiff's motion for a transfer as moot.

In response to the R&R, Plaintiff submits a sixteen-page document, which he calls a "Notice for Right on Objection Report and Recommendation." *See* ECF No. 31.  The Court has reviewed this document, and it appears to *support* the Magistrate Judge's R&R.  At the very least, it is devoid of any specific objections to the R&R, and the Court may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4

(4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Rather than object to the R&R, Plaintiff appears to respond further to Defendants' motion. In much of the filing, Plaintiff simply summarizes the R&R and reasserts the summary judgment standard. Thus, Plaintiff's objections are overruled to the extent he objects to the R&R. Additionally, the Court finds no clear error in the Magistrate Judge's recommendation.

## Conclusion

The Court has thoroughly analyzed the entire record, including the complaint, the parties' motions, the parties' briefs, the Magistrate Judge's R&R, Plaintiff's response to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss or, alternatively, for summary judgment, (ECF No. 21) be **GRANTED IN PART** and **DENIED IN PART**. Any claims by Plaintiff seeking monetary damages against Defendants in their official capacity or seeking damages for injuries Plaintiff sustained while working in his prison job shall be **DISMISSED**. Furthermore, Plaintiff's motion for a transfer (ECF NO. 25) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 9, 2014