IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Singleton, | ) | C/A No.: 1:12-2985-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Administrative Food Service Brown; | ) | |
| Administrative Food Service Argline; | ) | REPORT AND RECOMMENDATION |
| Food Service Office Mr. Nelson; Food | ) | |
| Service Mr. Tayor; Food Service Mr. | ) | |
| Craze; Food Service Ms. Johnson; and | ) | |
| Food Service Ms. Venton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Nathaniel Singleton, proceeding pro se and in forma pauperis, brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] At the time of the incidents giving rise to the complaint, Plaintiff was incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill") in the custody of the Bureau of Prisons ("BOP"). Plaintiff was incarcerated at FCI-Estill from April 7, 2009, to September 24, 2013, and worked in the food services department from May 26, 2009, to June 12, 2013. [Entry #38 at 4–5]. Plaintiff sues FCI-Estill food service employees Nelson, Tayor, Craze, Johnson, Venton, Brown and Argline ("Defendants") for allegedly forcing him to work extra hours in violation of his medical restrictions and in retaliation for filing prior complaints. [Entry

---

[1]*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

#1].

This matter comes before the court on Defendants' motion for summary judgment. [Entry #38]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #41].The motion having been fully briefed [Entry #49], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

I.     Factual and Procedural Background

Plaintiff alleges he was forced to work more than seven hours a day in violation of BOP policy and in violation of his medical restrictions, which restrict him from working eight hours a day, and include no prolonged standing, limited sitting, and no climbing, bending, or use of his left shoulder. [Entry #1 at 2–3.] Plaintiff claims that he was forced to clean tables, pick up cups, sweep, and mop, which required bending, standing, and sitting for long periods of time. *Id*. at 3. He believes the work exacerbated his medical problems and alleges Defendants are denying him medical treatment. *Id*. Plaintiff also alleges Defendants forced him to work excessively in retaliation for filing a prior lawsuit. *Id*. at 3. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 4.

II.    Discussion

A.  Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a

3

clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

1.  Eighth Amendment Claims

Plaintiff alleges Defendants violated his Eighth Amendment rights by denying him medical care and forcing him to work extra hours in violation of BOP policy and his medical restrictions. [Entry #1 at 1].

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments that "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Defendants argue that Plaintiff has not shown he was denied medical treatment and that his medical records establish he was provided appropriate medical care. [Entry #38 at 10]. Defendants contend Plaintiff was not forced to work more than seven hours in violation of BOP policy because Plaintiff worked from 7:30 a.m. to 3:30 p.m., which included an approximately 1.5 hour break each day to attend GED classes. *Id.* at 11; Entry #38-2, #38-3, #38-4, #38-5, #38-6, and #38-8 at ¶ 4. Defendants also point out that Plaintiff's medical records show that he had no physical medical restrictions related to his work assignment from May 6, 2009, to May 5, 2012. [Entry #38-1 at 27, 41, 85, and 95]. Defendants contend that although Plaintiff's records were updated on November 7, 2012, with new physical restrictions, he was still cleared to work in the food service department. *Id.* at 112–18. Defendants argue that Plaintiff never complained about new injuries, about his work assignment aggravated any old injury, or about any medical problems that prohibited him from performing his job assignment. [Entry #38 at 12].

5

In his response, Plaintiff has not offered any evidence that Defendants denied him medical care or that he was required to work in excess of seven hours daily. Instead, he argues that he received medical restrictions on August 17, 2007, that limited the hours he could work and his physical movements. [Entry #49 at 18]. Plaintiff has offered no evidence that these Defendants were aware of, and disregarded, these restrictions. Instead Plaintiff argues that FCI-Estill medical staff failed to obtain his medical records and evaluate them for pre-existing medical restrictions and limitations. [Entry #49 at 21, 23–24.] Plaintiff has not demonstrated Defendants deliberate indifference to his serious medical needs by Defendants. Plaintiff's claim that Defendants failed to follow BOP policies also fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies thatfail to reach the level of a constitutional violation are not actionable under § 1983). The undersigned, therefore, recommends summary judgment be granted on Plaintiff's Eighth Amendment claims.

2.  Retaliation

Plaintiff alleges Defendants forced him to work excess hours in retaliation for his having filed a lawsuit. [Entry #31 at 1]. "Retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit has also

mandated that claims of retaliation should be regarded with skepticism, *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996), and has stated:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

*Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

To state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally-protected right or that the act itself violated such a right." *Adams*, 40 F.3d. at 75. An inmate must also present more than conclusory accusations of retaliation, *id.* at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. *See, e.g., Cochran* 73 F.3d at 1318; *Hughes v. Bledsoe*, 48 F.3d. 1376, 1387 n. 11 (4th Cir. 1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. *American Civil Liberties Union*, 999 F.2d at 785 ("Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation.").

Defendants argue that Plaintiff cannot show that they took any action against him on account of his prior lawsuit. [Entry #38 at 14]. Plaintiff fails to set forth any evidence, other than his speculation, that Defendants took retaliatory actions against him in response to his having filed a lawsuit. Accordingly, the undersigned recommends Defendants be granted summary judgment on Plaintiff's retaliation claim.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [Entry #38] be granted.

IT IS SO RECOMMENDED.

May 29, 2014                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).