IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Nathaniel Singleton, ) | Civil Action No.: 1:12-cv-02985-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Administrative Food Service Brown; ) | |
| Administrative Food Service ) | |
| Argline; Food Service Office Mr. ) | |
| Nelson; Food Service Mr. Taylor; ) | |
| Food Service Mr. Craze; Food ) | |
| Service Ms. Johnson; Food Service ) | |
| Ms. Venton, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Nathaniel Singleton, a federal prisoner proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The above-captioned Defendants filed a motion for summary judgment. ECF No. 38. The motion is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] The Magistrate Judge recommends granting Defendants' motion for summary judgment.

Plaintiff, who was incarcerated at the Estill Federal Correctional Institution, initiated this *Bivens* action in October 2012 against the above-captioned Defendants, officials with the Federal Bureau of Prisons. Plaintiff alleges several claims arising from his prison job.[2] On January 22, 2014, Defendants filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the facts are adequately detailed by the Magistrate Judge in her R&R, the Court, having incorporated the R&R, need not repeat them here.

F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately to the motion. Plaintiff subsequently filed a response in opposition to Defendants' motion. ECF No. 49. The Magistrate Judge issued her R&R on May 29, 2014. R&R, ECF No. 52. She recommends granting Defendants' motion. Plaintiff filed timely objections on June 13, 2014. ECF No. 54.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends granting Defendants' motion for summary judgment. She reports that Plaintiff fails to present sufficient evidence to show the existence of a genuine dispute of the material facts as to his Eighth Amendment deliberate indifference claim and his

retaliation claim. In his objections, Plaintiff merely rehashes the arguments he made in his response to the motion for summary judgment. He again argues that the evidence shows Defendants required him to work, despite his work restrictions, as a result of his filing a previous lawsuit against prison officials. The Court, however, may only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.

Out of an abundance of caution, however, the Court has reviewed the evidence presented by the parties. As the Magistrate Judge reports in her R&R, Plaintiff has not produced more than a mere scintilla of evidence to create a genuine dispute of the facts material to his two claims. R&R 6–7. Specifically, Plaintiff cannot point to any sufficient evidence showing that Defendants (who each submitted affidavits claiming that it was their understanding that Plaintiff was medically cleared for work he performed) had the required culpable state of mind for Plaintiff to prevail on a deliberate indifference claim, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), or that Defendants retaliated against him in response to Plaintiff's filing of his lawsuit, *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The evidence produced by Plaintiff only shows that he had some physical limitations as a result of his medical conditions. That evidence alone, however, is insufficient to prove either of the *constitutional* claims he asserts against Defendants. Indeed, Plaintiff presents no

3

evidence he was unable to perform the tasks he was assigned. Accordingly, the Court finds that the Magistrate Judge's recommendation is proper, and Plaintiff's objections must be overruled.

## Conclusion

The Court has thoroughly analyzed the entire record, including the complaint, Defendants' motion, the parties' briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment is **GRANTED** and the Plaintiff's complaint is **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

July 24, 2014  
Florence, South Carolina